## KITE et al. *v.* BROWN et al.

Neither residence nor payment of taxes is essential to a constructive ouster of the whole of a tract included in a survey, a part of which was cultivated under colour of title to the whole.

Nor is it material to the question of constructive ouster that such survey extends over parts of several prior surveys, on some of which there has been no cultivation or residence.

A. entered upon land included within his survey, and cultivated part of it for more than twenty-one years. The survey had been laid on parts of seven older surveys, the owner of which continued paying taxes for the whole. By the cultivation of a part, under colour of title to the whole, without residence or payment of taxes, A. has constructive possession of all the land included in his survey.

In error from the Common Pleas of Centre.

*May* 26. The plaintiffs in this ejectment, brought in 1845,

claimed fifteen warrants and surveys, made in 1794, the title to which was regularly deduced; and they proved the regular payment of taxes for the whole.

The defendants rested on the statute of limitations. They showed a warrant and survey in 1797 for six hundred and forty acres, the lines of which existed in 1800. The title to this claim was conveyed to Cameron, who took a warrant for four hundred acres in 1806, on which a survey was made the same year. This tract was the one in question, and it was located on parts of seven or eight of the plaintiffs' surveys. Leases of the property, in 1803 and 1806, by the defendants and those under whom they claimed, were shown, together with a deed from Cameron to the defendants in 1840. They then proved that improvements were made as early as 1799, by those under whom they claimed; buildings erected, and a clearing made of two or three fields, containing from ten to fifteen acres. Until 1807, there were generally tenants of Cameron living on the land; from that time there was evidence that he had farmed the cleared land, made rails from the timber on the uncleared portion, and compelled payment from trespassers who used the timber for shingles.

The court (WOODWARD, P. J.) directed the jury to find how much of the land had been in actual and adverse possession, by residence or cultivation, for more than twenty-one years, by the defendants, or those under whom they claimed, and instructed them that a mere intruder gained title only to so much as he actually enclosed and occupied; but that one entering under "a *bona fide* claim of title, existing in another," which was colour of title, had possession co-extensive with his claim, and was not a mere intruder. That the improvement under the early survey was a right which might be conveyed to Cameron, and his possession under that deed would be with colour, as would his possession under the younger survey for part of the land. The subsequent possession was under this, and the occupancy of part by residence and cultivation was an ouster of the owner as to all the land claimed; and the payment of taxes by the plaintiffs, who were still the owners of the greater portion of the warrants not included in defendant's claim, did not rebut the presumption of ouster of the part that was so included.

The errors assigned were in the charge: as to defendants' right by adverse possession, under the evidence as to payment of taxes; and that defendants might recover for the four hundred acres laid within the survey for six hundred and forty acres, if there had been possession, &c., that survey not having been shown to have any connection with defendants' title.

*McAllister*, for plaintiff in error.—The rule that clearing and cultivating part of a tract, held under colour of title, gives constructive possession of the whole, is confined to cases where the cleared part is within the bounds of the adverse title; but here the acts of ownership were upon one of seven distinct surveys, which were the better title. Under such circumstances, there is no presumption of ouster, excepting as to that tract within which the actual possession existed; Burns v. Swift, 2. Serg. & Rawle, 436; McCall v. Neely, 3 Watts, 69. The non-payment of taxes, and the permitting the holder of the better title to pay them, is sufficient to rebut any such presumption of ouster. In Kelsey v. Murray, 9 Watts, 111, a complete title was held to have been gained by the mere fact of payment of taxes, permitted by the real owner; though there was neither residence nor occupation. In Taylor v. Dougherty, 1 Watts & Serg. 324; and Hastings v. Wagner, 7 Watts & Serg. 215, an absent link in the chain of title was supplied by this means. So if the tracts had been sold for default of payment by the owners, the purchasers would have taken a good title; Strauch v. Shoemaker, 1 Watts & Serg. 173; Harper v. McKeehan, 3 Watts & Serg. 245.

*Hale* and *Curtain*, contrà.—That actual occupation of a part of land held under colour of title, gives a possession of the whole claim, is settled by McCall v. Neely, 3 Watts, 69; Criswell v. Altemus, 7 Watts, 565; McCall v. Coover, 4 Watts & Serg. 151; and Bell v. Hartley, 4 Watts & Serg. 35.

The payment of taxes is immaterial here. Where there is no possession it is important to show a claim. But where there is actual possession, with defined boundaries, there can be no better evidence of a claim; Hockenbury v. Snyder, 2 Watts & Serg. 240.

*May* 29. GIBSON, C. J.—The defendant, Brown, is the owner of a warrant and survey, on which there once was a house, and on which there still is cleared land, that has been constantly kept in cultivation by the defendant or his predecessor, the warrantee. This survey is laid across several tracts on which there had not been either residence or clearing till twenty-one years had elapsed from the defendant's actual possession of a part of his survey; and why shall he not be deemed to have been in the constructive and exclusive possession of the whole of it? The argument for the plaintiff has been, that as the defendant paid no taxes on his warrant, but on the contrary suffered the plaintiff to pay for it on his own warrants, there was neither an assertion of ouster, on the one

2 B 2

side, nor a confession of it on the other. But what is the payment or non-payment as an ingredient in a case like the present? It is true that where a settler on a surveyed tract enters with a view to hold by the lines of the survey, and claims to be the colourable owner of the title, payment of taxes is powerful evidence that his constructive possession is co-extensive with his claim. In other words, it is evidence that he claims by colour of title. On the other hand, the omission of the true owner to pay, or at least tender, the taxes assessed on his tract, knowing that his character of owner has been usurped by an intruder, is powerful evidence that he has abandoned the possession or submitted to an elective disseisin. But where, as here, there are separate but conflicting warrants and surveys, and each owner claims by his own title, payment or non-payment of his tax assessed separately on it is immaterial to the question of constructive possession. There is double taxation of the part included in the interference; and it is immaterial which of the two owners first pays his own tax upon it, or whether any thing has been paid at all; and the reason is, that payment of taxes does not constitute exclusive possession, though, as we have said, it may in some cases be evidence of it. It does not appear that the defendant's warrant had ever been assessed, and the fact, probably, is that it had not; but that was a matter exclusively between him and the commissioners of the county. He certainly was not bound to pay the plaintiff's taxes on his seven or eight tracts in order to assert his exclusive possession of certain parts of them. The case therefore stands as it would have stood had taxes been paid by both parties, or by neither; and the result is, that the owners of the defendant's warrant have had exclusive possession for a period long enough to give effect to the statute of limitations.

Judgment affirmed.